IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK13-80751-TJM |
| | ) | |
| WATERSTONE AT PANAMA CITY APARTMENTS, LLC, | ) ) ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

ORDER

      Hearing was held on September 5, 2013, regarding Fil. #91, Motion to Dismiss Case, filed by Lenox Mortgage XVIII LLC, and Fil. #115, Resistance, filed by the debtor. Frederick Stehlik appeared for the debtor and Steve Turner and Brandon Tomjack appeared for Lenox Mortgage XVIII LLC.

      Lenox Mortgage XVIII LLC ("Lenox"), the holder of a note and first lien on the apartment development owned by the debtor in Panama City, Florida, has filed a motion to dismiss this Chapter 11 case for cause, in this case, for bad faith filing.

      At § 1112(b)(4) of the Bankruptcy Code, "cause" is identified as one of a number of problems for which the debtor should be held accountable. "Bad faith" is not specifically listed, but case law in the Eighth Circuit has included as a basis for dismissal for "cause" a bad faith filing. See Cedar Shore Resort, Inc. v. Mueller (In re Cedar Shore Resort, Inc.), 235 F.3d 375, 379 (8th Cir. 2000); First Nat'l Bank of Sioux City v. Kerr (In re Kerr), 908 F.2d 400, 404 (8th Cir. 1990).

      The debtor is a single-asset real estate entity located in Panama City, Florida, and owned by a non-profit corporation called Tapestry Group, Inc. ("Tapestry"), which is the sole member of Waterstone at Panama City Apartments, LLC. Edward E. Wilczewski ("Wilczewski") is presently the interim president of Tapestry. He is involved with a number of other corporations which have aided him in the development of the apartment complex and has aided him in his dealings with Housing and Urban Development, the original financing guarantee agency.

      Apparently, at the time the debtor was developed, Florida had a statutory scheme whereby a non-profit corporation could become involved in a Work Force Housing program and receive tax benefits. The non-profit entity pays no federal income tax and the Florida program permits the development of housing such as the debtor's development to be free from paying real estate taxes.

      Wilczewski has involved himself, his related entities and Tapestry in developing and operating the debtor. He does not manage the debtor, but a management company that he has employed actually manages the debtor.

      Lenox is basing its motion to dismiss on the various relationships Wilczewski has with his companies, Tapestry and the debtor. Lenox evidence purports to show that Wilczewski's relationships and activities are nefarious and are a benefit only to him and not to the debtor.

      I have reviewed all of the exhibits offered, including numerous pages of depositions of various parties, and I find that Wilczewski is deeply involved in every aspect of Tapestry and the debtor. However, there is no evidence in any of the documents or depositions that his activities are in violation of the law or regulations of HUD or the State of Florida.

      Lenox emphasizes that Tapestry does not hold board of director meetings and grants approval for Wilczewski's activities through documents known as "Consent in Lieu of Directors' Meeting." Operating in such a manner is not illegal.

Lenox points out that this case was filed just prior to a hearing on the appointment of a receiver in a state court foreclosure action in Florida. Although the timing of the filing of a Chapter 11 case must be taken into consideration with regard to a motion to dismiss, there is nothing, per se, improper about filing a bankruptcy case to stop a foreclosure.

Lenox suggests that the property is not being properly maintained and its evidence supporting such a position is that the debtor has spent very little on maintenance and capital improvements in the last year. Other than a problem with the gate system, Lenox presents no evidence that there is a lack of maintenance. In contrast, the management company, CFLane, LLC, has presented a report at Fil. #145, including photographs, that the place is well-maintained.

Finally, Lenox asserts that the operation of the debtor has been unprofitable and the cash flow is insufficient to allow the debtor to be rehabilitated. It suggests that the continuing monthly loss shows a diminution of the estate and the absence of a reasonable likelihood of rehabilitation, one of the conditions for a determination of "cause" in § 1112(b)(4). The cash flow has fluctuated over the life of the case, but the issue of cash flow adequacy and feasibility should be left to a confirmation hearing.

Mr. Wilczewski admitted during his deposition that he has made no plans on behalf of the debtor to bring in additional investors to support the financial structure of the debtor. His reason for not involving additional investors is that such action would cause a termination of the benefits under the Florida program. He also has made no effort to borrow any additional funds to support the on-going operations. Instead, he believes that the cash flow will be sufficient to pay the obligation to Lenox and to the other creditors because the number of units in the debtor are increasingly being filled with tenants paying market-rate rents which are above some of the original rental rates put in place when the operation began to entice early renters.

No appraisal of the value of the property has been submitted at this time and so no determination can be made concerning whether the debtor has equity over and above the first lien interest of Lenox, or if the cash flow problems show a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation – one of the prongs in the definition of "cause" in § 1112 of the Code.

After a complete review of all of the evidence submitted in support of the motion to dismiss, I do not find "cause" for dismissal and specifically do not find that Wilczewski or the debtor has acted in bad faith or that the bankruptcy filing was done in bad faith.

IT IS ORDERED: The motion to dismiss, Fil. #91, is denied.

DATED:        October 18, 2013

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
   Frederick Stehlik        *Steve Turner
   *Brandon Tomjack    U.S. Trustee

*Movant is responsible for giving notice of this order to other parties if required by rule or statute.